**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

**VICKI PIONTEK** *
**7517 Old Coaling Road**
**Harmans, Maryland 21077** *

**Plaintiff** *

**vs.** * **Civl Action No.:____________**

**FIRSTSOURCE ADVANTAGE, LLC** *
**205 Bryant Woods South**
**Amherst, NY 14228-3609** *

**Serve On:** *
**C T Corporation System**
**111 Eighth Avenue** *
**New York, New York 10011**
*
**and**
*
**John Does 1-10**
*
**and**
*
**XYZ Corporations**
*
**Defendants**
* * * * * * * * * * * * *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Vicki Piontek, ("Plaintiff"), by and through her attorney, E. David Hoskins, and for her Complaint against Defendant, Firstsource Advantage, LLC, John Does 1-10, and XYZ Corporations, Plaintiff alleges and states as follows:

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA").

2. This action arises out of Defendants' violation of the FDCPA in their illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

3. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venues lies properly in this district pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to the claim occurred within this District.

## PARTIES

6. Plaintiff is an individual who was at all relevant times residing in Maryland.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

8. On information and belief, Defendant, Firstsource is a limited liability company organized under the laws of the State of New York, with an address of 205 Bryant Woods South, Amherst, New York, 14228.

9. At all relevant times, Defendant, Firstsource Advantage, LLC ("Firstsource") acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(6), in

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

10. That upon information and belief, the Defendant Firstsource regularly attempts to collect debts alleged to be due another, and uses the United States Mail in furtherance of its collection of debts alleged to be due another.

11. The acts of Firstsource alleged herein were performed by its employees acting within the scope of their actual or apparent authority.

12. All references to "Defendant" or "Firstsource" shall mean the Defendant or an employee of said Defendant.

13. John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

14. X,Y, Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. The Debt**

15. The Plaintiff allegedly incurred and later allegedly defaulted on a debt to the American Express. Said alleged debt will hereinafter be referred to as "the subject

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

debt."

16. That upon information and belief, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction in which, money, service or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

17. That upon information and belief, Defendant Firstsource was employed by American Express to collect the subject debt and began making telephone calls to the Plaintiff shortly thereafter.

18. Firstsource attempted to collect the subject debt and, as such engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Firstsource Engages in Harassment and Abusive Tactics**

19. Within the applicable statute of limitations prior to the commencement of this action, on or about the November 23, 2010, Defendant initiated a telephone call to Plaintiff wherein in a two way conversation took place between Defendant and Plaintiff.

20. The account in question was for an alleged balance on an America Express account alleged to be owed by Plaintiff.

21. The account is question was a consumer debt for purposes of the FDCPA.

22. In its attempts to collect the aforementioned alleged debt, Defendant made certain false and misleading statements of law and fact, including but not limited to the following:

a. That Plaintiff's address had been traced through a Federal database

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

known as Accurint.

      b.    That a "charge off," was second to a bankruptcy for purposes of grading a person's credit report. In this regard, the Defendant's Debt Collector stated that looking at a credit report like a "report card" and that a bankruptcy is "an F" and that a "charge off . . . would be considered to be a D."

23.    As the telephone conversation continued, Plaintiff advised Defendant that she was not obligated to pay the debt because she was a resident of the State of Maryland and the debt was outside the applicable statute of limitations. Defendant rudely lectured the Plaintiff and repeatedly asked her to name all of her addresses and to explain why the Maryland address was not reflected on Accurint "if that is where you claim to live."

24.    Defendant's Debt Collector also stated "And also, your statute of limitation that you talk -- it still stays on your credit report for about seven years . . . just so you know."

25.    Defendant's Debt Collector also made various insulting statements, such as: "Why wouldn't you want to pay your debts back" even after being advised that the debt was not collectable because of the statute of limitations. The debt collector also implied that Plaintiff should pay off a debt outside the statute of limitations so as to maintain good credit so Plaintiff, like the debt collector, "could look at myself in the mirror every single day and know that I didn't try and skip out of my obligations." The Debt Collector also implied that the Plaintiff was not telling the truth about her Maryland residence, stating "it was obvious that you did not know the address right off the top of your head

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

which I find to be a bit odd."

26. In its attempts to collect the aforementioned alleged debt, Defendant also violated the FDCPA by blocking the Defendant's caller ID and thereby failing to disclose the identity of the debt collector in violation of 15 USC 1692e.

27. At the conclusion of the conversation, the Debt Collector stated "we'll get this sent back to American Express and let them do with it what they will."

28. Despite claiming on November 23, 2010, that the account was being sent back to American Express, Defendant made a second call to the Plaintiff on December 14, 2010.

29. During this telephone conversation, the Plaintiff again informed the Defendant's Debt Collector that she was a resident of Maryland and that the American Express debt was outside the Maryland statute of limitations.

30. During this telephone conversation, Defendant's Debt Collector also made various insulting statements, such as: "So what you do is don't pay your bills and wait for the time to be up" and "you had the malicious intent to defraud a financial institution, correct."

31. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statements about Plaintiff's address being traced through a "Federal database" were wholly false and misleading.

32. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statements about Plaintiff's address being traced through a

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

"Federal database" were made sole for the purpose of coercing and intimidating Plaintiff into making a payment to Defendant.

33. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statement about a "charge off" being graded second to a bankruptcy were wholly false and misleading.

34. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statement about a "charge off" being graded second to a bankruptcy were made sole for the purpose of coercing and intimidating Plaintiff into making a payment to Defendant.

35. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statement that Plaintiff should pay off a debt outside the statute of limitations so as to maintain good credit so Plaintiff, like the Debt Collector, "could look at myself in the mirror every single day and know that I didn't try and skip out of my obligations" was made sole for the purpose of disgracing Plaintiff and coercing and intimidating Plaintiff into making a payment to Defendant.

36. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statement that the Plaintiff was not telling the truth about her Maryland residence was made sole for the purpose of disgracing Plaintiff and coercing and intimidating Plaintiff into making a payment to Defendant.

37. It is believed and averred that at all time mentioned pertinent to this complaint, Defendant's statement that Plaintiff had a "malicious intent to defraud a

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

financial institution" were wholly false and misleading.

38. It is believed and averred that at all times mentioned pertinent to this complaint, Defendant's statement that Plaintiff had a "malicious intent to defraud a financial institution" implied that Plaintiff had committed a crime and was made for the sole for the purpose of disgracing Plaintiff and coercing and intimidating Plaintiff into making a payment to Defendant.

**C. Plaintiff Suffered Actual Damages**

39. That as a result of Defendant's acts, Plaintiff became angered, distressed, frustrated, and otherwise suffered from emotional distress.

40. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

**COUNT I**
**Violation of Fair Debt Collection Practices Act**
**15 USC 1692, *et. seq.***

41. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

42. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA by making certain false and misleading statements of law and fact, including but not limited to the following:

a. That Plaintiff's address had been traced through a Federal database known as Accurint.

b. That a "charge off," was second to a bankruptcy for purposes of

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

grading a person's credit report. In this regard, the Defendant's Debt Collector stated that looking at a credit report like a "report card" and that a bankruptcy is "an F" and that a "charge off . . . would be considered to be a D."

43. In its attempts to collect the aforementioned alleged debt, Defendant also violated the FDCPA by blocking the Defendant's caller ID was blocked thereby failing to disclose the identity of the debt collector.

44. In its attempts to collect the aforementioned alleged debt, Defendant also violated the FDCPA by implying that the Plaintiff was not telling the truth about her Maryland residence, stating "it was obvious that you did not know the address right off the top of your head which I find to be a bit odd," thereby implying that Plaintiff had engaged in improper conduct in an effort to disgrace the Plaintiff.

45. In its attempts to collect the aforementioned alleged debt, Defendant also violated the FDCPA by stating that Plaintiff had a "malicious intent to defraud a financial institution," thereby falsely representing and implying that Plaintiff had committed a crime in an attempt to disgrace the Plaintiff.

46. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

**COUNT II**
**Violations of New York GBL §349**
**Engaging in Unlawful Deceptive Practices and Acts**

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

47. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

48. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

49. The Defendant willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

50. The Plaintiff is a person who has been injured by reason of a violation of NY GBL § 349 and has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, emotional distress, anger and frustration caused by the Defendants.

51. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorney's fees.

WHEREFORE, Plaintiff, Vicki Piontek, respectfully prays for a judgment against Defendant as follows:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Statutory damages of $50.00 and actual damages, both trebled, pursuant to NY GBL § 349(h).

d. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and NY GBL § 349(h);

e. Punitive damages in such amount as is found appropriate, and

f. For such other and further relief as may be just and proper.

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

**JURY DEMAND**

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Dated: January 3, 2011

Respectfully Submitted,

E. David Hoskins, Esq.
LAW OFFICES OF E. DAVID HOSKINS, LLC
90 State Street, Suite 700
Albany, New York 12207
(518) 935-2672
*dhoskins@hoskinslaw.com*

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500